# EXHIBIT A



# Service of Process Transmittal
03/16/2022
CT Log Number 541237675

| | |
|---|---|
| **TO:** | Faith Frey<br>ARCHER-DANIELS-MIDLAND COMPANY<br>4666 Faries Parkway<br>Decatur, IL 62526 |
| **RE:** | **Process Served in Delaware** |
| **FOR:** | ADM Trucking, Inc. (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: NICHOLAS NIELSEN // To: ADM Trucking, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 22CVS3957 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/16/2022 postmarked on 03/10/2022 |
| **JURISDICTION SERVED:** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/16/2022, Expected Purge Date: 03/21/2022<br><br>Image SOP<br><br>Email Notification, Faith Frey faith.frey@adm.com<br><br>Email Notification, Brendan Gardiner brendan.gardiner@adm.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



**WARREN & KALLIANOS, PLLC**
CHARLOTTE'S PERSONAL INJURY LAW FIRM

610 CAMERON BROWN BUILDING
301 SOUTH MCDOWELL ST., SUITE 610
CHARLOTTE, NORTH CAROLINA 28204



CERTIFIED MAIL

7016 2140 0000 0049 5104



$ 007.53
MAR 10 2022
MAILED FROM ZIP CODE 28204

ADM Trucking, Inc.
Attn: Registered Agent: The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

| STATE OF NORTH CAROLINA | File No. 22CVS3957 |
|---|---|
| Mecklenburg County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| Nicholas Nielsen |
| Address |
| 1006 McCowan Drive |
| City, State, Zip |
| Huntersville　　　　　　　　　　NC　　28078 |

**CIVIL SUMMONS**

☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| ADM TRUCKING, INC. | 03/10/2022 |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| ADM Trucking, Inc.<br>Attn: Registered Agent: The Corporation Trust Company<br>Corporation Trust Center, 1209 Orange Street<br>Wilmington　　　　　　　　　DE　　19801 | |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Chris M. Kallianos<br>Warren & Kallianos, PLLC<br>301 S. McDowell Street, Suite 610<br>Charlotte　　　　　　　　　　NC　　28204 | 3-10-22 | 2:18 ☐ AM ☒ PM |
| | Signature | |
| | ☒ Deputy CSC　☐ Assistant CSC　☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC　☐ Assistant CSC　☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

|  | **RETURN OF SERVICE** |  |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

```
STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
                                     SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG                   22 CVS 3757

                                     2022 MAR 10 P 2:16

NICHOLAS NIELSEN,           )        MECKLENBURG CO. C.S.C
                            )
         Plaintiff,         )        BY_____
                            )
v.                          )        COMPLAINT
                            )
ADM TRUCKING, INC,          )
                            )
         Defendant.         )
_____)
```

The plaintiff, complaining of the defendant, alleges and says:

1. The plaintiff, Nicholas Nielsen ("Nielsen"), is a citizen and resident of Huntersville, Mecklenburg County, North Carolina.

2. Upon information and belief, the defendant ADM Trucking, Inc. ("ADM") is a Delaware corporation operating and doing business in the State of North Carolina with an office and principal place of business in Charlotte, Mecklenburg County, North Carolina.

3. Upon information and belief, at all times relevant herein, the defendant ADM was engaged in the business of commercial trucking, including without limitation, the use and operation of commercial motor vehicles over interstate highways across North Carolina, including Charlotte, Mecklenburg County, North Carolina.

4. On October 18, 2021, at approximately 11:20 a.m., the plaintiff was operating a 2013 Ford vehicle and travelling in a northerly direction on Interstate 77 in Charlotte, Mecklenburg County, North Carolina.

5. At or about the same time, Toriano Harvell "("Harvell") was operating a tractor-trailer, owned by and registered in the name of the defendant ADM (the "subject tractor-trailer"), and travelling in a southerly direction on Interstate 77 in Charlotte, Mecklenburg County, North Carolina.

6. Suddenly, and without warning, the subject tractor-trailer ran off the roadway to the left and struck the median wall separating the north and southbound lanes of Interstate 77, causing the trailer to overturn and flip over the median wall and into the northbound lane of Interstate 77, and violently colliding into the vehicle being operated by the plaintiff.

1

7. As a result of the collision between the subject tractor-trailer and the plaintiff's vehicle, the plaintiff sustained severe and permanent injuries as described in more detail below.

8. Upon information and belief, at all times relevant herein, Harvell was operating the subject tractor-trailer as an employee, agent, retained operator or statutory employee of the defendant ADM, and operating the subject tractor-trailer in the course and scope of his employment or agency relationship with the defendant ADM.

## FIRST CLAIM FOR RELIEF

9. The plaintiff realleges and incorporates by reference the allegations contained in paragraph 1 through 8 of the Complaint.

10. Harvell was negligent in that, among other things, he:

(a) failed to keep a reasonable and proper lookout in his direction of travel;

(b) failed to keep the subject tractor-trailer he was operating under proper control and drove the subject tractor-trailer in such a manner as to be deprived of such control over the subject tractor-trailer as a reasonable and prudent person would maintain under all the circumstances then existing;

(c) failed to maintain the tractor-trailer in its proper lane of travel and lost control of the tractor-trailer causing it to collide into the median wall and enter the plaintiff's lane of travel resulting in a collision with the plaintiff's vehicle;

(d) drove the subject tractor-trailer vehicle without due caution and circumspection and at a speed or in a manner as to endanger or likely to endanger any person or property in violation of N.C. Gen. Stat. § 20-140(b);

(e) drove the subject tractor-trailer at a greater speed than was reasonable and prudent under the conditions then existing to avoid a collision in violation of N.C. Gen. Stat. § 20-141(a);

(f) failed to decrease the speed of the subject vehicle to avoid colliding into the median wall and ultimately colliding into the plaintiff's vehicle in violation of N.C. Gen. Stat. § 20-141(m);

(g) failed to apply brakes in a timely manner to avoid colliding with the plaintiff's vehicle; and

(h) failed to take such other action as a reasonable, careful and prudent person would take to avoid colliding with the plaintiff's vehicle.

11. Upon information and belief, at all times relevant herein, Harvell was operating the subject tractor-trailer as an employee, agent, retained operator or statutory employee of the defendant ADM, and in the course and scope of his employment with the defendant ADM. As a result, the defendant ADM is liable for the negligent acts or omissions of Harvell by reason of respondeat superior, the principal/agency relationship and/or as a statutory employer pursuant to 49 C.F.R. § 376.12 et seq.

12. In addition, upon information and belief, at all times relevant herein, Harvell was operating the subject tractor-trailer at the time of the subject collision with the permission, authority, consent and knowledge of the owner of the subject tractor-trailer, the defendant ADM. As a result, the defendant ADM is liable for the negligent acts or omissions of Harvell by reason of respondeat superior and/or the principal agency relationship pursuant to, among other things, N.C.G.S. § 20-71.1.

13. The negligence of Harvell and the defendant ADM was the direct and proximate cause of the injuries to the plaintiff.

14. The injuries sustained by the plaintiff were foreseeable and avoidable through due care by Harvell and the defendant ADM.

## SECOND CLAM FOR RELIEF

15. The plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 14 of the Complaint.

16. Upon information and belief, the defendant ADM, by and through its employees, management and agents, owed a duty to the plaintiff and to others to use reasonable care and to conduct its business operations with do care so as to not endanger other persons, including the plaintiff. Upon information and belief, the defendant ADM was negligent in that, among other things, it:

(a) failed to properly train Harvell in the safe use and operation of commercial motor vehicles, including the subject tractor-trailer;

(b) failed to properly supervise and monitor Harvell in the proper use and operation of commercial motor vehicles, including the subject tractor-trailer;

(c) failed to ensure that Harvell was qualified or suitable to operate the subject tractor-trailer in a safe and reasonable manner so as to not pose an unreasonable risk of injury to others, including the plaintiff;

(d) negligently hired or retained Harvell as an operator commercial motor vehicle, including the subject tractor-trailer, without adequately investigating his background and fitness for the position;

3

(e) failed to adopt, implement and/or enforce policies, procedures and/or protocols concerning the safe use and operation of the commercial motor vehicles owned and operated by the defendant ADM;

(f) failed to maintain the subject tractor-trailer in a safe operating condition;

(g) failed to reasonably monitor, train or otherwise oversee the conduct and actions of Harvell for conduct that posed a substantial risk of harm to motorists, such as the plaintiff; and

(h) failed to take such other steps as a reasonable and prudent owner and operator of commercial motor vehicles would take to avoid injury to others, including the plaintiff.

17. The negligence of the defendant ADM was the direct and proximate cause of the injuries to the plaintiff.

18. The injuries sustained by the plaintiff were foreseeable and avoidable through due care by the defendant ADM.

### THIRD CLAIM FOR RELIEF

19. The plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 18 of the Complaint.

20. At the time of the collision between the subject tractor-trailer and the plaintiff's vehicle, the plaintiff was operating a 2013 Ford Fusion which he owned.

21. As a direct and proximate cause of the collision caused by the negligence of the defendant ADM, the plaintiff's vehicle was destroyed resulting in a total loss of the plaintiff's vehicle.

22. As a result, the plaintiff is entitled to recover from the defendant ADM the actual or fair market value of his vehicle immediately before it was damaged by the defendant ADM's negligence in an amount to be determined at trial.

23. In addition, as a direct and proximate cause of the collision caused by the negligence of the defendant ADM, the plaintiff suffered other property damage related losses, including but not limited to, loss of or damage to other personal items in his vehicle, and towing and storage fees for his vehicle. Accordingly, the plaintiff is entitled to recover these losses or damages from the defendant ADM in an amount to be determined at trial.

## DAMAGES

24. The plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 of the Complaint.

25. As a direct and proximate cause of the negligence of the defendant ADM, the plaintiff sustained severe and permanent injuries including, but not limited to, multiple spinal fractures and injuries necessitating a C5-C7 anterior cervical discectomy and fusion; left displaced comminuted olecranon fracture necessitating open reduction and internal fixation surgery and other procedures; a left comminuted angulated fracture of the distal fifth metacarpal necessitating open reduction and internal fixation surgery and other procedures; large laceration over the left posterior arm measuring 5 cm x 3 cm requiring excisional debridement and complex repair including advancement/rearrangement of tissue; scalp, temple, neck and ear lacerations; irrigation and debridement of traumatic dorsal wound of the left ring finger; multiple abrasions over third, fourth and fifth left MCP joints; debridement of multiple foreign bodies in the left wrist, hand and fingers; right vocal cord paralysis; and vocal damage.

26. As a result of his injuries caused by the negligence of the defendant ADM, the plaintiff has required extensive medical care and treatment, and attendant care and treatment. The plaintiff will continue to require medical care and treatment in the future.

27. As a result of the negligence of the defendant ADM, the plaintiff has incurred medical expenses and other expenses and losses due to his injuries sustained in the subject collision, and the plaintiff will continue to incur medical expenses and other expenses and losses in the future related to his injuries.

28. As a result of his injuries caused by the negligence of the defendant ADM, the plaintiff has suffered multiple disabilities and disfigurement which, upon information, are permanent.

29. As a result of his injuries caused by the negligence of the defendant ADM, the plaintiff has suffered great pain of body and mind, emotional distress and mental anguish, and will to experience the same for the remainder of his life.

30. As a result of his injuries caused by the negligence of the defendant ADM, the plaintiff has been prevented from transacting his normal business and has lost wages. Furthermore, upon information and belief, the plaintiff has experienced lost or diminished earning capacity and a shortened work life expectancy due his injuries and, as a result, will continue to lose income, benefits and other compensation in the future.

WHEREFORE, the plaintiff prays that he have and recover judgment against the defendant ADM as follows:

1. Compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

2. A trial by jury on all issues triable by jury;

3. Interest and costs as allowed by law; and

4. Such other and further relief as the Court deems just and proper.

This the 10th day of March, 2022.

Chris M. Kallianos
N.C. State Bar No. 14202
C. Jeff Warren
N.C. State Bar No. 18044
Attorneys for the plaintiff

WARREN & KALLIANOS, PLLC
301 S. McDowell Street, Suite 610
Charlotte, North Carolina 28204
(704) 377-7777

6